IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CLYDE CARR,                        )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    1:20CV752
                                   )
C.R. BARD, INC., BARD              )
PERIPHERAL VASCULAR, INC.,         )
MCKESSON CORPORATION, and          )
DOES 1 THROUGH 100, INCLUSIVE,     )
                                   )
          Defendants.              )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is the Motion to Dismiss the Out-of-State Plaintiffs' Claims for Lack of Personal Jurisdiction, (Doc. 2), filed by Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc., (together "Defendants" or "Bard"). This case was transferred from the Northern District of Texas, (Doc. 25), and the motion to dismiss was filed while the case remained in Texas on the basis that Defendants are not subject to personal jurisdiction in the state of Texas. Defendants are requesting dismissal of all claims by Plaintiffs Clyde Carr, Janet Nachman, Jason Newcomb, Lela Tunstall, Bettye Floyd, Alethea Thomas, George Fenwick, Rebecca Copperthtie, and Carolyn Lowe (together "Original Plaintiffs"). (Doc. 2 at 1.)

The case was severed, (Doc. 24), and the case of Plaintiff Clyde Carr was transferred to the Middle District of North Carolina. Defendants' motion to dismiss will be denied as moot.

I. **STATEMENT OF THE FACTS**

Plaintiff is bringing negligence and product liability claims against Bard and the other Defendants. Plaintiff alleges negligence, failure to warn, design and manufacturing defects, and negligent misrepresentation, seeking punitive damages from all Defendants. These claims are based on harm allegedly suffered due to prescription medical implants - known as IVC filters - produced and sold by Defendants. (Pls.' Original Petition (Doc. 1-8) ¶ 30.) Defendant C.R. Bard, Inc., the device manufacturer, is incorporated in New Jersey. (Id. ¶ 13; Doc. 3 at 7.)[1] Defendant Bard Peripheral Vascular, Inc., is incorporated in Arizona. (Id. ¶ 14; Doc. 3 at 7.) Defendants brought this motion to dismiss for lack of personal jurisdiction in Texas, where the suit was originally filed before the Plaintiffs were severed and Carr's case was transferred to the Middle District of North Carolina. (Docs. 24, 25.) Plaintiff Carr agreed to dismiss Defendant McKesson Corporation from the case. (Doc. 34.)

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 2 -

## II. ANALYSIS

Bard's argument in favor of dismissal due to lack of jurisdiction centers around the argument that "the Out-of-State Plaintiffs fall far short of their burden in establishing specific personal jurisdiction and present no facts to suggest that their alleged injuries from Bard IVC filters arise out of or relate to Defendants' actions in Texas." (Doc. 3 at 13.) Now that the case is before this court, in the Middle District of North Carolina, Bard's arguments about personal jurisdiction are no longer applicable, as they are clearly Texas-specific. Moreover, since the filing of this motion, the case has been severed, such that Plaintiff Carr is the only Plaintiff present in this action before the Middle District of North Carolina. Bard is free to file a new, accurate motion addressing personal jurisdiction in this court. However, at this time, arguments regarding the Texas court's jurisdiction are not relevant and therefore moot.

## III. CONCLUSION

For the aforementioned reasons,

**IT IS THEREFORE ORDERED** that the Motion to Dismiss the Out-of-State Plaintiffs' Claims for Lack of Personal Jurisdiction, (Doc. 2), filed by Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc., is **DENIED AS MOOT**.

This the 22nd day of March, 2021.

_____
United States District Judge